■ Marlene Patrella et al., Appellants, v Atlantic Chiropractic Group et al., Respondents. [839 NYS2d 177]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered November 1, 2005, which, upon a jury verdict finding that the defendants were not liable for the injuries of the plaintiff Marlene Patrella, is in favor of the defendants and against the plaintiffs dismissing the complaint, and (2) an order of the same court dated January 31, 2006, which denied their post-trial motion to set aside the verdict pursuant to CPLR 4404 (a), and for judgment as a matter of law, or for a new trial.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendant Atlantic Chiropractic Group treated the plaintiff Marlene Patrella (hereinafter the plaintiff) from September 6, 1999 until October 11, 1999. The defendant chiropractor David L. Shapiro took X rays of the plaintiff's spine, which he used to diagnose a narrowing of vertebral discs. As he was reviewing the X-ray film with the plaintiff, she asked him if certain abdominal pain she was feeling could be cancer. Shapiro responded that there was nothing on the X-ray film to indicate the presence of cancer. The plaintiff was subsequently treated by a neurologist and several other physicians, none of whom diagnosed her with cancer. She finally was diagnosed with cancer of the appendix in September or November of 2000, and the instant action alleging malpractice ensued.

A chiropractor, who was an expert witness for the plaintiffs, testified at trial that the defendants departed from good and accepted chiropractic practices by attempting to diagnose cancer, and by failing to refer the plaintiff to an internist or general surgeon. A chiropractor, who was an expert witness for the defendants, characterized the idea that they were attempting to diagnose cancer as "absurd," and testified that they did not depart from accepted practices. An oncologist, who testified as

an expert for the plaintiffs, admitted that there was no evidence of cancer on the X-ray films, but also testified that X rays are not used to diagnose cancer.

The jury rendered a verdict in favor of the defendants finding no liability and no departures from good and accepted chiropractic practice. The Supreme Court entered judgment accordingly. Meanwhile, the plaintiffs had moved pursuant to CPLR 4404 (a) to set aside the verdict and for a directed verdict in their favor as a matter of law, or in the alternative to set the verdict aside as against the weight of the evidence and for a new trial. The trial court denied this motion. We affirm both the judgment and the post-judgment order denying the plaintiffs' motion pursuant to CPLR 4404 (a).

There was a valid line of reasoning by which the jury could have concluded that the defendants did not depart from good and accepted chiropractic practice (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Furthermore, the jury was entitled to credit the testimony of the defendants' expert over that of the plaintiffs' expert. Its verdict, based on a fair interpretation of the evidence, was not against the weight of the evidence (see Nicastro v Park, 113 AD2d 129, 134 [1985]). Therefore, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict, and for judgment as a matter of law, or for a new trial. Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.